UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 09-CV-409-KKC

WILLIAM E. GOLLIHER, JR.	PETITIONER

VS:	**MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, *Warden*	RESPONDENT

William E. Golliher, Jr., is incarcerated in the Federal Medical Center located in Lexington, Kentucky. Golliher has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2], and has named Deborah Hickey, the Warden of FMC-Lexington, as the respondent. Golliher has paid the $5.00 filing fee. *Id*.

Promptly after the filing of a petition for writ of habeas corpus, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. The district court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

For the reasons set forth below, the Court will deny the instant § 2241 petition because Golliher has not alleged facts which would entitle him to relief.

CLAIMS ASSERTED

Golliher challenges the Bureau of Prisons ("BOP") determination which denied him a one-year reduction on his federal sentence, despite the fact that he completed the 500-hour Residential Drug Abuse Program ("RDAP") established in 18 U.S.C. § 3621(e).[1] Golliher contends that the BOP's decision constituted an abuse of discretion under 18 U.S.C. § 3621(e); was an impermissible construction of the BOP's Program Statement 5330.10; and deprived him of due process of law, in violation of the Fifth Amendment of the United States Constitution.

ALLEGATIONS OF THE PETITION

Golliher sought entry into the RDAP and was informed by the BOP that he met the criteria for admission but that he was not eligible for early release, or a sentence reduction, upon successful completion of the program. The decision was based on Golliher's prior 1999 state conviction in Illinois for aggravated battery- a violent offense. Golliher acknowledges that he had a prior conviction for aggravated battery, but argues that while aggravated *assault* is listed in BOP program Statement 5330.10 as an offense which precludes consideration for early release under § 3621(e), aggravated *battery* is not listed as an offense which should have precluded consideration for his early release.

Gollier has fully exhausted his claims through the BOP's Administrative remedy procedures, 28 C.F. R. § 542.13-15. [R. 2-2, pp. 7, 9, & 11] At all three levels, the BOP determined that Golliher's prior state court conviction for aggravated battery was a crime of violence, being the functional equivalent of aggravated assault as defined by the Federal Bureau

---

[1] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C. F.R. §550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

2

of Investigations ("FBI") Uniform Crime Report. Noting that there is no entitlement to early release and that the BOP had discretion as to whether to consider it, National Inmate Appeals Administrator Harrell Watts concurred with the preceding BOP decisions that Golliher was therefore ineligible for the one-year sentence reduction under § 3621(e). R. 2-2, p.11  Golliher filed the instant § 2241 petition on December 28, 2009.

## DISCUSSION

Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute to direct the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). It is undisputed that the BOP has been delegated the authority to interpret 18 U.S.C. § 3621. *See id*. "Under [the *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ] framework, unless a regulation contravenes the unambiguously expressed intent of Congress, we ordinarily defer to an agency's interpretation of an ambiguous statute that it implements."

In the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), Pub.L. No. 103-322, 108 Stat.1987, Congress amended the statute to provide an incentive for prisoners to participate in RDAP. *See Lopez v. Davis*, 531 U.S. 230, 233 (2001).[2] The statute now provides

---

[2] In *Lopez v. Davis*, the Supreme Court considered a challenge to a separate section of 28 C.F.R. § 550.58. 531 U.S. 230 (2001). The section of the regulation at issue "categorically denie[d] early release to prisoners whose current offense [was] a felony attended by the carrying, possession, or use of a firearm." *Id*. at 232-33 (quotations omitted). The BOP determined Lopez was ineligible for early release because he received a sentencing enhancement for possession of a firearm in connection with his offense of conviction (possession with intent to distribute methamphetamine). *See id*. at 236.

The Court concluded "the agency's interpretation [of the statute] is reasonable both in taking account of preconviction conduct and in making categorical exclusions." *Id*. at 242. The Court explained: "By denying eligibility to violent offenders, the statute manifests congressional concern for preconviction behavior-and for the very conduct leading to conviction. The Bureau may reasonably attend to these factors as well." *Id*.

that the BOP "may" reduce the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing RDAP for a period of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). The statute neither defines a "nonviolent offense" nor establishes any criteria for determining an inmate's eligibility for a sentence reduction.

While 28 C.F.R. § 550.58(a)(1)(iv) does not refer to state offenses which are deemed to be equivalent to aggravated assault, that clarification comes, in part, from BOP Program Statement 5330.10 which instructs drug abuse treatment program coordinators to "review available documents containing criminal history to ensure the inmate does not have any prior adult convictions for [the specifically enumerated] crimes [including aggravated assault] . . . ." BOP Program Statement 5330.10, ch. 6.[3]

The BOP routinely refers to the FBI's Uniform Crime Reports to determine whether a prisoner's criminal history includes convictions for state court offenses equivalent to those specifically enumerated in 28 C.F.R. § 550.58(a)(1)(iv). The BOP uses the FBI's Uniform Crime Reports definition "[b]ecause state convictions may show a considerable range in the degree of violence used in the offense." *Drug Abuse Treatment Programs: Early Release Consideration*, 60 Fed. Reg. 27,692 (May 25, 1995).

The portion of the regulation at issue in Golliher's case categorically excludes from eligibility for early release "[i]nmates who have a prior felony or misdemeanor conviction for . . . aggravated assault . . . ." 28 C.F.R. § 550.58(a)(1)(iv). The definition of aggravated assault

---

[3] While rules that appear in Program Statements are not entitled to full *Chevron* deference, they are entitled to some deference. *See Reno v. Koray*, 515 U.S. 50, 61 (1995) (observing a BOP Program Statement is entitled to "some deference" if it represents a permissible construction of the statute). Courts afford respect to the BOP's informal interpretation of a statute it has authority to interpret "to the extent [it has] the power to persuade." *Via Christi Reg'l Med. Ctr. V. Leavitt*, 509 F.3d 1259, 1272 (10th Cir. 2007) (quotations omitted).

does not require the use of a weapon, but simply notes these assaults "usually" involve a weapon or "means likely to produce death or great bodily harm." *Zacher v. Tippy*, 202 F.3d 1039, 1043 n.4 (8th Cir. 2000). The BOP determined Golliher's Illinois aggravated battery conviction was equivalent to the offense of aggravated assault.

At least one court, faced with exactly the same issue raised in Golliher's § 2241 petition, has recently concluded that because a prior conviction for aggravated battery constitutes a violent offense akin to aggravated assault when viewed under the criteria FBI's Uniform Crime Reports, the prisoner did not qualify for early release. *Redmon v. Wiley*, No. 08-1288, 2009 WL 3262020 (D. Colo. October 13, 2009). That court concluded that "The BOP's interpretation of the statute is reasonable as it takes into account an offender's preconviction behavior in determining whether he or she is a nonviolent offender for purposes of early release eligibility. *Id*. at *5. *See also Zacher,* 202 F.3d at 1044 (upholding denial of early release to inmate who completed RDAP because of his earlier conviction in California for aggravated assault, which was listed in § 550.58 and met the FBI's Uniform Crime Reports' definition of aggravated assault); and *Sisneros v. Anderson*, No. 06-03107, 2007 WL 3512647 *2 (D. Minn. Nov.14, 2007) (finding that "the BOP's decision not to release petitioner early, based on his prior conviction for assault and battery with a deadly weapon, was proper").

Based upon this authority, the BOP did not abuse its discretion in determining that Golliher's prior state court conviction for aggravated battery constituted a crime of violence precluded consideration of Golliher for early release under § 3621, even though he completed the 500-hour RDAP. Golliher has not alleged a valid Fifth Amendment claim on the issue of

5

early release eligibility. The Court will deny the § 2241 petition and dismiss this action with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED**

(1) Petitioner William E. Golliher's § 2241 petition for Writ of Habeas Corpus [R. 2] is **DENIED**.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Deborah Hickey, the Warden of FMC-Lexington.

Dated this 13th day of January, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge