UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON


CIVIL ACTION NO. 09-CV-409-KKC

WILLIAM E. GOLLIHER, JR.                                             PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, *Warden*                                          RESPONDENT


On January 22, 2010, the Court entered a Memorandum Opinion and Order ("Opinion and Order"), R. 3, and Judgment, R. 4, dismissing *pro se* petitioner William E. Golliher's petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Golliher has now filed a motion asking the Court to reconsider the Opinion and Order, and Judgment, based on Fed. R. Civ. P. 60(b) (2). For the reasons set forth below, Golliher's motion will be denied.

<u>BACKGROUND</u>
1. <u>§ 2241 Petition and the Opinion and Order</u>

In his § 2241 petition, Golliher challenged the Bureau of Prisons' ("BOP") determination which denied him a one-year reduction on his federal sentence, despite the fact that he completed the 500-hour Residential Drug Abuse Program ("RDAP") established in 18 U.S.C. § 3621(e).[1]

Golliher argued that the BOP's decision constituted an abuse of discretion under 18 U.S.C. § 3621(e); was an impermissible construction of the BOP's Program Statement 5330.10;

---

[1] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C. F.R. §550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

and deprived him of due process of law, in violation of the Fifth Amendment of the United States Constitution.

In the Opinion and Order, the Court denied the § 2241 petition.  The Court explained that the BOP routinely refers to the FBI's Uniform Crime Reports to determine whether a prisoner's criminal history includes convictions for state court offenses equivalent to those specifically enumerated in 28 C.F.R. § 550.58(a)(1)(iv).  The BOP determined that based on the FBI's Uniform Crime Reports, Golliher's Illinois aggravated battery conviction was equivalent to the offense of aggravated assault.  The BOP refused to reduce his sentence under the RDAP.

On review of the § 2241 petition and relevant case law, the Court concluded that because Golliher's prior conviction for aggravated battery constituted a violent offense akin to aggravated assault as defined by the FBI's Uniform Crime Reports, the BOP properly determined that Golliher did not qualify for early release under § 3621(e).

## 2. Motion for Reconsideration

In his current motion, Golliher continues to argue that a prior conviction for *aggravated battery* should not preclude early sentence reduction under § 3621(e) and that the BOP erred by treating his conviction like aggravated assault.  Additionally, Golliher attached the "Residential Drug Abuse Program Notice to Inmate" ("RDAPNI") Form which was completed on May 28, 2008 by Tony Barnes, Drug Treatment Specialist at FCI-Texarkana.  R. 5-2, p.4.

Golliher contends that by executing the RDAPNI form, the BOP informed him that he was eligible for early sentence reduction under § 3631(e)(2)(B).  Golliher argues that the RDAPNI Form vested him with a settled expectation of early release.

-2-

Under the heading of **"PROVISIONAL § 3621 (E) ELIGIBILITY,"** the RDAPNI Form stated that Golliher's eligibility for early release was contingent on several factors:

> For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "X")
>  . . . .
>
> > Not have a current crime that is an excluding offense in BOP categorization of offenses policy. . .
> >
> > Not [sic] a crime of violence as contained in BOP categorization of Offenses policy.
> >
> > Not [sic] an excluding crime by the Director's discretion in Categorization of Offenses policy.
> >  . . . .

R. 5-2, p.4.

Barnes marked an "X" to the left of each of the above factors, thereby indicating that if Golliher had a criminal history falling into any of those categories, he would not be eligible for early release. In the following section, the RDAPNI Form stated that for RDAP graduates to be eligible for early release, they must:

> Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children.

Barnes also marked an "X" to the left of that requirement, thereby indicating that if Golliher fell into that category, he would be ineligible for early release. Golliher signed the RDAPNI Form, acknowledging that he was provisionally eligible for early release and that a determination of early release could change.[2]

---

[2] The RDAPNI Form stated as follows at the bottom:

**If applicable, I understand that a determination of early release for me is <u>provisional, may</u>**

<u>DISCUSSION</u>

To obtain relief under Rule 60(b) (2), the moving party must demonstrate newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).  Here, there was no "trial," but it Golliher considers the RDAPNI Form to be "newly discovered evidence" which justifies reconsideration of the Opinion and Order and entry of an Order directing the BOP to grant him early release.[3]

Even if Golliher had attached the RDAPNI Form to his § 2241 petition, it would not have changed the result reached in the Opinion and Order.  Less than a month ago, another district court in this circuit was faced with the same set of facts as Golliher presents in his current motion.  That court rejected the very argument which Golliher now advances.

In *Williams v. Zych*, 09-12173, 2010 WL 200847 (E.D. Mich., January 15, 2010) federal prisoner Addo Williams alleged that the BOP had improperly denied him a reduction in his sentence after he successfully completed the RDAP.   Williams, like Golliher, claimed that he had settled expectation of receiving a one-year reduction in his sentence after completing the RDAP, because the BOP had previously informed him that he was eligible for a sentence reduction under the program.   Williams, like Golliher, claimed that the BOP violated his constitutional right to due process of law when it reversed its initial decision and declared him

---

**change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.**

R. 5-2, p.4 (bold and underline emphasis in original).

[3] Golliher explains that he did not have this document in his possession when he mailed his §2241 petition to the court on November 23, 2009.  Although Golliher dated his § 2241 petition November 23, 2009, it inexplicably was not received by the Clerk of the Court and docketed as "Filed" until over a month later, on December 28, 2009.

ineligible for benefits under 18 U.S.C. § 3621(e). Williams, like Golliher, sought an order granting him early release from custody.

In *Williams*, the Court discussed the different approaches taken by the some circuits on the issue of whether a prisoner has a settled right or expectation of a sentence reduction when the BOP first issues a provisional decision of eligibility under § 3621(e)(2)(B), then later realizes that based upon a prior conviction, the prisoner did not meet the criteria for early release under the statute. *Williams*, 2010 WL 200847, at *2-3.

In *Williams*, the court noted that when the Ninth Circuit Court of Appeals addressed the issue, it determined that the prisoners who had already undergone numerous hours of treatment in the RDAP, and whose eligibility for early release had already been determined, had an expectation of early release from custody. *Cort v. Crabtree*, 113 F.3d 1081, 1086 (9th Cir. 1997). In *Cort*, the Ninth Circuit determined that the BOP erred by retroactively applying its new interpretation of "non violent offenses" under § 3621(e)(2)(b) to the three inmates, all of whom had been convicted of a crime of violence (unarmed bank robbery). *Cort*, 113 F.3d at 1082. Five years later, the Ninth Circuit reached a similar result in *Bowen v. Hood*, 202 F.3d 1211, 1222 (9th Cir. 2002), wherein the court stated that "[a]n agency cannot provide participants with a determination of eligibility based on the purported examination of objective criteria, then subsequently deny them eligibility by exercise of whim."

In 2006, following the decisions in *Cort* and *Bowen*, the District of Oregon held that the BOP may not revoke a prisoner's eligibility under the RDAP simply because an administrator failed to note a disqualifying robbery conviction in the prisoner's pre-sentence report and made

-5-

an erroneous provisional determination of eligibility for early release. *See Harris v. Daniels*, 466 F.Supp.2d 1239, 1242 (D. Or. 2006). The District of Oregon stated in *Harris* that the prisoner's expectation of eligibility for early release in such circumstances was just as legitimate as the expectations held by the prisoners in *Cort* and *Bowen*. *See id*. at 1242.

In *Williams*, however, the district court rejected the Ninth Circuit's and the District of Oregon's reasoning and instead adopted the approach on the issue taken by the Fifth and Seventh Circuit Courts of Appeals.[4] In *Royal v. Tombone*, 141 F.3d 596, 601-03 (5th Cir. 1998), the Fifth Circuit determined that the petitioner had never been legitimately eligible for sentence reduction under § 3621(e)(2)(B), because of his prior bank robbery conviction, which involved the use of force and violence and which had therefore always been a crime of violence.

In an unpublished decision, the Seventh Circuit reached the same result under similar facts. In *Minnema v. Pitzer*, 151 F.3d 1033, No. 97-3659, 1998 WL 255101 (7th Cir., May 15, 1998), the district court held that Minnema, who had been convicted of bank robbery and sentenced to seventy-three months in prison, had no right or settled expectation to a sentence reduction under § 3621(e)(2)(B). The Seventh Circuit affirmed the ruling.

─────────────────────

[4] *Williams* stated as follows:

> The Ninth Circuit and the District of Oregon have stated that the term "provisional" refers only to the fact that early release eligibility is conditioned on successful completion of the RDAP. *See Bowen*, 202 F.3d at 1221-22; *Cort*, 113 F.3d at 1085. . . . This Court believes the better view is that "[e]ligibility is not entitlement." *Minnema*, 1998 WL 255101, at *2 (quoting *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir.1997)). "Mere eligibility to be considered for a sentence reduction under § 3621 'does not require the Bureau to grant the boon [the prisoner] seeks.'" *Id*. (quoting *Bush*, 133 F.3d at 457). Petitioner may have hoped for early release, but he was never legitimately eligible for a sentence reduction and, therefore, he could not have had a settled expectation in a reduced sentence. *Cf. Royal*, 141 F.3d at 601-03.

*Williams*, 2010 WL 200847, at *3.

-6-

Following the Fifth and Seventh Circuits, the *Williams* court concluded that petitioner's prior robbery conviction precluded him from having a right or settled expectation in the sentence reduction, notwithstanding the BOP's preliminary (and erroneous) assessment that Williams was eligible for a sentence reduction under § 36219(e)(2)(B).  *Williams*, 2010 WL 200847, at * 3.

The district court further noted that the form which notified Williams of his eligibility to participate in the RDAP was only provisional in nature, not a guarantee of eligibility for sentence reduction.  *Id*.  The court explained that:

> The form . . . also indicated that inmates with a prior conviction for robbery were not eligible to participate in the RDAP. . . . **Petitioner signed the form, acknowledging that he was provisionally eligible for early release and that a determination of early release could change. . . . Thus, Petitioner was put on notice before he commenced the RDAP that a prior conviction for robbery was a basis for ineligibility under § 3621(e)(2)(B)**.

*Id*. (emphasis added).

This Court is of the opinion that *Williams* squarely addresses, and disposes of, Golliher's argument that the May 28, 2008 RDAPNI Form created an irrevocable and protected interest a reduced sentence, under § 3621(e)(2)(B).  By marking an "X" to the left of each of these categories noted in the RDAPNI Form, Barnes clearly notified Golliher that if he fell into any of the exempted categories, he would be denied early release.

Therefore, just as in the *Williams* case, the RDAPNI Form on its face expressly advised Golliher that the decision regarding early release was provisional in nature.  The term "provisional" is defined as "Temporary; preliminary; tentative; taken or done by way of precaution or *ad interim*." BLACK'S LAW DICTIONARY, 1224, (6th ed. 1990).  Accordingly, Gollier had only a provisional, or conditional interest in early release, not a guaranteed right.

-7-

Here, as the Court determined in the Opinion and Order, Golliher's conviction for aggravated battery, which the BOP considered to be tantamount to aggravated assault, rendered him ineligible for a reduction of his sentence, even though the BOP apparently failed to ascertain that fact until after he had completed the 500- hour RDAP program.  Golliher has not set forth grounds under Rule 60(b)(2) warranting reconsideration of the Opinion and Order.  The "Motion for Reconsideration" will therefore be denied.

CONCLUSION

Accordingly, **IT IS ORDERED** that William E. Golliher's "Motion for Reconsideration," R. 5, is **DENIED**.

Dated this 3rd day of February, 2010.

**Signed By:**

**_Karen K. Caldwell_** ᚲᚲᚲ

**United States District Judge**